Charles P. Franklin (State Bar Number: 011209) chuck@chuckfranklin.com
Colby R. Kanouse (State Bar Number: 024601) colby@chuckfranklin.com
FRANKLIN & ASSOCIATES, P.A.
1920 E. University Drive, Suite 102
Tempe, Arizona 85281
Telephone: (480) 551-0406
Facsimile:  (480) 551-0407
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Barbee,<br><br>                    Plaintiff,<br><br>v.<br><br>Zurich American Insurance Company, a foreign corporation,<br><br>                    Defendant. | NO:<br><br>COMPLAINT |

COMES NOW, Plaintiff Robert Barbee, as and for his claims against Defendants Zurich American Insurance Company, and alleges as follows:

**JURISDICTION AND VENUE:**

1. Plaintiff Robert Barbee (Barbee) is a resident of the County of Maricopa, State of Arizona.

2. Upon information and belief, Defendant Zurich American Insurance Company (Zurich) is an insurance company with its principal place of business in Schaumberg, Illinois. Zurich is licensed and authorized to do business in Maricopa County, Arizona, maintains offices here, resides and is found within this District within the meaning of jurisdiction and venue provisions of the Employee

Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

3. At all relevant times, Brinks U.S., a Subsidiary of the Pittston Company (Brinks) employed Plaintiff Barbee. Zurich provided health and disability insurance to its employees, including Plaintiff Barbee, through Zurich. The health and disability insurance (Plan) is a purported ERISA employee welfare benefit plan established and maintained by Zurich, and is administered by Brinks and Zurich.

4. Zurich is a Plan Fiduciary as defined by ERISA. The Plan is funded solely and completely through the purchase, by means of monthly payments of insurance premiums, of a policy of health care and disability insurance by Brinks through Zurich.

5. This Court has jurisdiction over the Plan by virtue of the provisions in ERISA, and because the Plan and Zurich have caused events to occur in Arizona out of which Plaintiff Barbee's claim arises.

6. This Court has jurisdiction over the subject matter in this action by virtue of ERISA, 28 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Venue is proper in this District by virtue of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS:**

8. Prior to August 25, 2009, Brinks provided employees the opportunity to obtain health and disability insurance through Zurich.

2

9. At the time Zurich purchased the insurance policy (Policy), Plaintiff Barbee was an employee of Brinks and he became a covered individual under the Plan.

10. Under the terms of the Policy applicable to Plaintiff Barbee, Zurich promises and becomes obligated to pay the principle sum of $500,000, less any amount payable pursuant to the Policy, if an Insured becomes Permanently and Totally Disabled within 365 days of a covered injury; and the Permanent and Total Disability continues for 12 months.

11. Under the terms of the Policy, Permanently and Totally Disabled means "that the Insured is totally and continually disabled and cannot work, for any income, at any job he or she is reasonably suited by education, training or experience to do."

12. On August 25, 2009, Plaintiff Barbee was involved in a motor vehicle accident. As a result of that collision he sustained an injury or injuries, which resulted in Total and Permanent Disability as defined by the Policy.

13. The accident in which Plaintiff was involved on August 25, 2009, was a covered loss under the Policy.

14. Following the motor vehicle accident of August 25, 2009, Plaintiff Barbee submitted a Permanent and Total Disability claim (disability claim) to Zurich in the manner required by the Policy.

15. Upon review of Plaintiff Barbee's disability claim, Zurich denied Plaintiff's claim for Permanent and Total Disability benefits.

16. Following Zurich's denial of Plaintiff Barbee's disability claim Plaintiff Barbee appealed the denial.

17. Following review of Plaintiff Barbee's appeal regarding Zurich's denial of his disability claim under the Policy, Zurich affirmed its denial of disability benefits to Plaintiff Barbee.

18. Plaintiff Barbee has exhausted his administrative remedies under the terms of the Policy.

19. Zurich's denial of disability benefits was erroneous, contrary to and in breach of the terms of coverage, and was based on erroneous information and false assumptions. The denial was based upon an incomplete, biased record, directed and steered by Zurich's own claims process, without basis in objective research, fact or analysis. Zurich placed its financial interests ahead of Plaintiff Barbee's interests.

## COUNT I: RECOVERY OF INSURANCE AND PLAN BENEFITS:

20. Plaintiff hereby repeats and re-alleges each of the foregoing allegations contained herein. In addition, Plaintiff alleges as follows:

21. The Plan and its purchase of health and disability insurance from Zurich, is an Employee Welfare Benefit Plan as defined in ERISA, 29 U.S.C. § 1002. Defendant is an administrator and fiduciary of said Plan under the provisions of ERISA.

22. Plaintiff Barbee reasonably expected that his injuries, sustained in the motor vehicle accident of August 25, 2009, would result in payment of the principal sum pursuant to the Permanent and Total Disability provisions contained in the Policy.

23. Pursuant to the coverage provided in the Policy, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Plaintiff Barbee is entitled to recover all benefits due under the terms of the Policy and the Plan, and to enforce his rights under the terms of the Policy and Plan. Plaintiff Barbee is further

entitled, under the terms of ERISA, 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this court of her rights to the disability benefits under the Policy and Plan.

24. Pursuant to ERISA, 29 U.S.C. § 1132(g), Plaintiff Barbee is entitled to recover his attorney's fees and costs incurred herein.

25. Plaintiff Barbee is entitled to prejudgment interest on the benefits to which he is entitled, and on his damages at the highest legal rate until paid.

WHEREFORE, Plaintiff Barbee prays for entry of judgment against Zurich as follows:

A. For all past and future benefits due Plaintiff Barbee under the terms of the Policy and Plan;

B. Enforcing Plaintiff Barbee's rights under the terms of the Policy and the Plan;

C. Clarifying and determining Plaintiff Barbee's rights to future benefits under the terms of the Policy and the Plan;

D. For an award of attorney's fees and costs incurred herein;

E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and,

F. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this __29th__ day of December, 2011.

**FRANKLIN & ASSOCIATES**

By/s/Colby R. Kanouse_____
    Charles P. Franklin
    Colby R. Kanouse
    1920 East University Drive, Suite 102
    Tempe, Arizona 85281
    Attorneys for Plaintiff

5